OPINION of the Court, by
Ch. J. Bibb.
-Wilson has appealed to this court from a decree of the general court> dismissing his bill with costs. He was complai-a ant against the elder grants obtained under adverse entries, setting up, as the foundation of his equity, an entry, made in the year 1780, on his pre-emption was~ t'Ct'tt.
The appellees insisted, in their answers, (amongst °^er things) that the complainant’s entry had never been surveyed ; and inasmuch as the time limited for making surveys had expired, therefor*, that his entry /jf is now void.
. r , - To obviate this defence, the complainant advances three propositions: 1st. That he was prevented from exeeuting a survey on his entry “ by the force and fraud & J J_ ox the defendants, or some of them.7 2dly. 1 hat Jra-trick Doran, in the year 1780, became entitled to a mojety 0f sa;q pre-emption, by contract, and was bound to attend to the claim, to surveying and obtaining a grant; that Doran, from the time of entering, into the contract until about the year 1802, resided in the county in which the land lies, as the ostensible part owner, and was the exclusive agent of the complainant; but that Doran was never called upon by the surveyor to attend upon the land for the purpose of surveying the said entry. 3dly. That by asserting his claim to the land by his bill exhibited before the expiration of the time *111 limited for making surveys, his claim has been saved “ from forfeiture to the defendants, or any other person whatsoever.”
The appellant has failed to make proof of any forcé or fraud on the part of the appellees, or either of them, calculated to prevent the survey of his pre-emption, although such force was positively denied, and fraud generally denied. No particular kind of fraud nor fraudulent acts were specified by the bill, and therefore the general denegation was amply sufficient. Upon this part of the case, therefore, no adjudication is called for as to the extent to which the force or fraud of the defendants to the bill, “ or of some of them,” might have Operated.
To the proper understanding of the second proposition, a recurrence to the act of the legislature of Virginia, enacted in 1785, chap. 41. sec. 3, p. 31, is necessary. That act required of the owners of entries theretofore made, to appoint, on or before the first day of January, 1787, some person, within the county where the lands were situate, as their agent or attorney, and to give notice of such appointment to the surveyor within one month thereafter, “ or on failure thereof, his entry” (as the aet emphatically declares) “ shall become void.” This requisition, if complied with, was to enable the surveyors of the respective counties to perform the duties required in the previous part of the section, viz : to give a notice, either personally to the owner of an entry or to his agent or attorney, or, as the surveyor might elect, by affixing the notice at the court-house door, that he, the surveyor, would, on a day appointed, proceed to survey such entry. If the owner, or his agent or attorney, failed to attend on the day appointed, with chain, carriers and a marker, the entry was declared void — the warrant to be returned, and capable of being located on any waste and unappropriated land, or on the same land,
“ if not already taken by some other warrant.” The time allowed for complying with the requisitions of this act was enlarged, from time to time, by several subsequent enactions, and finally expired. Passing over the loose and vague testimony offered as to the existence of the contract and agency of Doran, in the bill charged, it is sufficient to observe, that it is not even alleged that such agency was ever made known to the surveyor; *112 which, by the act alluded to, was an indispensable requisite : it is not pretended that the owner of the entry, in the bill setup, was himself resident in the county, so as to save the necessity of appointing an agent. Therefore, the appellant must fail in his second proposition.
Under the third proposition, it was strenuously urged, by the counsel for the appellant, that after the lands claimed by the appellees had been granted to them, no reason existed for requiring the appellant to survey and obtain a junior patent; that such an act would have been nugatory, and better supplied by insisting on the validity of the appellant’s entry in a court of equity within the period allowed for making surveys, thereby leaving the proper construction of the entry to the decision, of the court.
The number of entries for land which have been, and remain yet to be, adjudicated by artificial rules of construction, is a national evil, which has been sorely felt by the owners of locations, as well as by the community at large. To reduce the claims to land from ideal lines to actual demarked boundaries, cannot be pronounced a nugatory requisition. Let it be remembered that, according to a volume of decisions, the owner of an entry is restricted by his survey ; that lands lying without the boundaries of the survey, although described by the location, belongs to the owners of adjacent surveys, or to the commonwealth. Hence, it follows, that those who have confined themselves by surveys, whilst an entry unsurveyed within the period limited by law, is left at large to hover over them, are laboring under a great inequalit}', especially where the suspended entry hangs upon webs of npfnstruction, beyond the grasp of the generality of society. To favor this inequality belongs not to a court of equity.
The reasons which induced the legislature to devise and enact the ways and means, before mentioned, for compelling surveys, may be collected from the recital of a previous act, made m pari materia — (Acts of Virginia, Oct. ses. 1784, chap. 48, sec. 1.) The preamble is in these words: “Whereas several persons having early entries and locations for large tracts of land, in order to procrastinate the charge of surveying and the payment of taxes, refuse or neglect to survey them, while others, who have adjacent entries and locations *113 of later date, are desirous to sue out grants and pay taxes for their lands,” &c. The same attention to the interest of individuals claiming lands under the rights of the commonwealth is again manifested in the provision before recited, that the warrant, returned to the owner of the lapsed entry, might be again located on the same land, “if not already taken by some other warrant.” In the statute before recited, or in those which enlarge the periods for complying with its requisitions, there is no such proviso as the appellant’s case requires. This court cannot add an exception in its favor ; we disclaim the power of legislating upon the subject. The plain statutes of the country must have their operation. That the entry of the appellant b ecame void for want of a survey, seems plain : that this provision was intended to enure, and must enure to the benefit of the holders of other warrants, entries or locations, is apparent from the phraseology and context of the statutes.
Decree affirmed.